**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LIFE Rehab Services, Inc., a Minnesota corporation; Medical Pain Management, a Minnesota corporation; Physicians' Diagnostics & Rehabilitation, a Minnesota corporation; and Medical Advanced Pain Specialists, a Minnesota corporation, on behalf of themselves and all others similarly situated, | Civil No. 08-860 (DWF/AJB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Allied Property & Casualty Insurance Company, AMCO Insurance Company, Depositors Insurance Company, and Nationwide Insurance Company of America, | |
| Defendants. | |

David B. Ketroser, Esq., counsel for Plaintiffs.

Allen I. Saeks, Esq., and Monica L. Davies, Esq., Leonard Street and Deinard; Edward K. Cottrell, Esq., and John P. Marino, Esq., Fowler White Boggs Banker, counsel for Defendants.

**INTRODUCTION**

This matter is before the Court on Defendants' Motion for Dismiss. For the reasons stated below, the Court grants Defendants' motion.

**BACKGROUND**

Defendants Allied Property & Casualty Insurance Company ("Allied"), AMCO Insurance Company, and Depositors Insurance Company, are subsidiaries of Defendant Nationwide Mutual Insurance Company. (Compl. ¶ 9.) Allied insures automobiles and their drivers and is a "no-fault" carrier as that term is defined by Minn. Stat. § 65B.01, *et seq.* (Compl. ¶ 13.)

Plaintiffs are Minnesota corporations whose employees provide medical services in the metropolitan area. Among the patients treated by Plaintiffs' employees are persons insured by Allied for coverage under Minnesota's no-fault statutory scheme. The relevant insurance policies contain an anti-assignment provision that reads: "Your rights and duties under this policy may not be assigned without [Allied's] consent." (Case No. 05-cv-1279, Doc. No. 75 at 5.)

Before patients are treated by Plaintiffs, they routinely sign "assignment of benefit" agreements. Pursuant to these agreements, patients assign to Plaintiffs the right to receive payments –or benefits— for covered medical services directly from the patients' insurance companies. Plaintiffs communicate such assignments to Allied via standardized forms that state:

> INSURED'S OR AUTHORIZED PERSON'S SIGNATURE. I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

(Compl. ¶ 13.) Even upon receipt of these standardized forms, Allied pays benefits directly to the patient.

On February 8, 2008, Plaintiffs filed a Class Action Complaint in the State of Minnesota District Court, County of Hennepin, Fourth Judicial District (the "Present Action"). On March 27, 2008, Defendants removed the case to this Court. Plaintiffs allege two causes of action—Enforcement of Statutory and Common Law Rights and Injunctive Relief. At the core of Plaintiffs' Present Action is the assertion of their alleged rights to direct payment by Allied, notwithstanding the anti-assignment provision in the relevant insurance policies.

Previously, in June 2005, Plaintiffs brought an action in the District of Minnesota, Case No. 05-cv-1279 (Schiltz, J.), against Defendants (the "2005 Allied Action"). (Case No. 05-cv-1279, Doc. No. 1.) In that action, Plaintiffs alleged that Defendants, and in particular Allied, had improperly disregarded assignments executed by Allied's insureds who had received medical treatment from Plaintiffs' employees. (Case No. 05-cv-1279, Doc. No. 1 at ¶ 15.) In the 2005 Allied Action, Plaintiffs asserted claims for Enforcement of Statutory and Common Law Rights, Breach of Contract, Account Stated, Declaratory Relief, and Injunctive Relief.

On or around August 11, 2005, Defendants moved to dismiss Plaintiffs' complaint in the 2005 Allied Action. Soon thereafter, Plaintiffs stipulated to the dismissal of their claims for Enforcement of Statutory and Common Law Rights, Declaratory Relief, and Injunctive Relief. (Case No. 05-cv-1279, Doc. No. 21 at 17.) Plaintiffs' Account Stated cause of action was dismissed by the Court. (*Id.* at Doc. No. 37.) After some discovery, the Defendants moved for summary judgment and argued that the purported assignments

upon which Plaintiffs' claims were based were barred by the unambiguous anti-assignment provision in the insurance policies. By Order dated August 2, 2007, the court adopted a Report and Recommendation and held that the anti-assignment provisions in the applicable insurance policies were sufficiently clear to bar the attempted assignment of proceeds to a healthcare provider. (*Id.* at Doc. No. 81 at 2.) The Court dismissed Plaintiffs' Complaint with prejudice and judgment was entered. Plaintiffs did not appeal that decision. Defendants now assert that the Plaintiffs' claims in the Present Action should be dismissed because they are barred by collateral estoppel and *res judicata*.

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II. Collateral Estoppel and Res Judicata[1]

Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006); *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989).

"The doctrine of *res judicata* applies to repetitive suits involving the same cause of action." *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). *Res judicata*, which is broader than collateral estoppel, precludes the relitigation of claims rather than

---

[1] Defendants assert that the Court need not decide whether Eighth Circuit or Minnesota law applies to the determination of collateral estoppel because relevant Eighth Circuit and Minnesota law are essentially identical. *See, e.g.*, *Trebesch v. Astra Pharm. Prods., Inc.*, 503 F. Supp. 79, 82 & n.5 (D. Minn. 1980). In addition, Defendants assert that Eighth Circuit law applies to the *res judicata* effect of the judgment in the 2005

(Footnote Continued on Next Page)

specific issues. *See Canady v. Allstate Ins. Co.*, 282 F. 3d 1005, 1014 (8th Cir. 2002). *Res judicata* bars the relitigation of claims on grounds that were raised or could have been raised when (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties or their privies. *See Banks v. Int'l Union Elec., Elec., Tech., Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *Canady*, 282 F.3d at 1014. A claim is barred by *res judicata* if it arises out of the same nucleus of operative facts as the prior claim. *See Banks*, 390 F.3d at 1052.

The Court concludes that the Present Action is barred by both collateral estoppel and *res judicata*. The Present Action and the 2005 Allied Action involve the same parties, allege identical facts, and assert the same causes of action—Enforcement of Statutory and Common Law Rights and Injunctive Relief. There is no dispute that the core issue in the Present Action is whether the anti-assignment clause in the relevant insurance policies bar Plaintiffs' claims. This precise issue was decided in the 2005 Allied Action when Plaintiffs' 2005 complaint was dismissed.

Plaintiffs do not dispute that the final judgment of the 2005 Action applied to the same conduct, issues, and claims presented in the Present Action. Nor do they dispute that collateral estoppel and *res judicata* bar their present claims up until the date of judgment. (Doc. No. 13 at 8.) Instead, Plaintiffs argue that a subsequent decision in

---

(Footnote Continued From Previous Page)
Allied Action. *See, e.g.*, *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir.
(Footnote Continued on Next Page)

*Star Windshield Repair, Inc. v. Western National Insurance Co.*, 744 N.W2d 237 (Minn. Ct. App. 2008), *rev. granted* April 29, 2008, calls into question the judgment in the 2005 Allied Action and, therefore, precludes prospective application of that judgment. In particular, Plaintiffs argue that the Minnesota Court of Appeals in *Star Windshield* held that liquidated damages may be assigned notwithstanding a non-assignment clause in a No-Fault insurance contract. Plaintiffs further argue that the holding in *Star Windshield* changes the controlling legal principle for assignability of benefits and therefore collateral estoppel and *res judicata* lack prospective effect.

A review of the relevant case law, however, demonstrates that the *Star Windshield* decision does not change the controlling law on the issue presented or call into question the prior judgment in the 2005 Allied Action. In *Physician's Neck & Back Clinics, P.A. v. Allied Ins. Co.*, a Minnesota state district court held that a non-assignment provision[2] contained in the defendants' no-fault automobile insurance policy invalidated a purported assignment to the plaintiff of the patient's interest in the insurance policy. No. C1-05-4402, 2005 WL 5005799 (Minn. Dist. Ct. July 7, 2005), *3. The plaintiff appealed. The Minnesota Court of Appeals affirmed, holding that the non-assignment provision was enforceable and prohibited the assignment of the right to receive no-fault insurance benefits. *Physicians Neck & Back Clinics P.A. v. Allied Ins. Co.*, No. A05-

---

(Footnote Continued From Previous Page)
1994). Plaintiffs do not dispute the application of Eighth Circuit law.

1788, 2006 WL 2053142, at * 4 (Minn. Ct. App. July 25, 2006), *rev. denied*. The Court of Appeals reasoned:

> [The nonassigment provision] prohibits [the insured] from assigning to PNBC the right to receive no-fault insurance benefits otherwise payable to her under the Allied policy because the plain language of the contract between Allied and [the insured] contains a provision that expressly prohibits assignment without Allied's written consent, which was not obtained. The provision states: "Your rights and duties under this policy may not be assigned without our written consent." Because such language is clear and unambiguous, it serves to prohibit the assignment at issue here.

*Id*. at *4.

On December 4, 2006, Judge Patrick J. Schiltz of the United States District Court for the District of Minnesota issued an opinion in *Alpine Glass, Inc. v. Illinois Farmers Ins. Co.*, No. 06-CV-1148, 2006 WL 3486996 (D. Minn. Dec. 4, 2006) (Schiltz, J.). In *Alpine Glass*, the court found that a non-assignment clause in auto insurance policies that prohibited the assignment of "[i]nterest in this policy" did not prohibit insureds from assigning post-loss insurance proceeds to Alpine Glass, a company which repairs and replaces auto glass. *Alpine Glass*, No. 06-CV-1148, 2006 WL 3486996, at *2-3. In its August 2, 2007 order in the 2005 Allied Action, the court distinguished the facts of the 2005 Allied Action from the facts of *Alpine Glass*. The differences included the language of the anti-assignment clauses, the types of insurance involved, the governing statutory

---

[2] The non-assignment provision read: "Your rights and duties under this policy may not be assigned without [Allied's] written consent." *Physician's Neck & Back Clinic*s, No. C1-05-4402, 2005 WL 5005799, at *2.

8

framework that applied in *Alpine Glass*,[3] and the fact that the insurer in *Alpine Glass* had previously made payments to the assignee. (Case No. 05-cv-1279, Doc. No. 81 at 3.) The court then noted that "[i]n light of the differences between *Alpine Glass* and the present case, nothing in this order should be construed to imply that this Court would—or would not—now reach a different result in *Alpine Glass*." (*Id.*)

In January 2008, the Minnesota Court of Appeals issued a decision in *Auto Owners Ins. Co. v. Star Windshield Repair, Inc.*, 743 N.W.2d 329 (Minn. Ct. App. 2008) ("*Auto Owners*"). In that case, the Court of Appeals considered an anti-assignment provision that read: "No interest in this policy may be assigned without our written consent." *Id.* at 333. The Court of Appeals affirmed the district court's determination that the anti-assignment clause precluded assignment of post-loss insurance proceeds:

> We conclude that Minnesota case law fully supports and is fully consistent with our conclusion that a nonassignment clause can limit the assignment of postloss insurance proceeds, such as the amount due for the windshields in this case.

*Id.* at 337.

The following month, the Minnesota Court of Appeals issued the *Star Windshield* decision relied on by Plaintiffs in this case.[4] 744 N.W.2d 237 (Minn. Ct. App. 2008). In *Star Windshield*, the Court of Appeals noted that the "dispositive issue in each of these

---

[3] "Minnesota law provides that it is 'unfair settlement practice' for an 'insurer to [fail] to provide payment to the insured's chosen vendor based upon a competitive price that is fair and reasonable within the local industry at large.' Minn. Stat § 72A.201 subd. 6(14)." *Alpine Glass*, No. 06-CV-1148, 2006 WL 3486996, at *12.

[4] The Court in *Star Windshield* specifically noted that its decision was consistent with its decision in *Auto Owners*. *Star Windshield*, 744 N.W.2d at 238 n.1.

[three] companion cases is whether an anti-assignment provision in a motor vehicle insurance policy is enforceable as to post-loss physical damage proceeds so as to preclude a purported assignee from asserting a right to dispute the amount of such proceeds." *Id*. at 238. The Court of Appeals also noted that:

> The general rule is that the right to receive money due or to become due under an existing contract may be assigned even though the contract itself may not be assignable. A contract to pay money may be assigned by the person to whom the money is payable, *unless there is something in the terms of the contract manifesting the intention of the parties that it shall not be assigned*.

*Id*. at 242 (quoting *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 272 (Minn. 2004)). The Court of Appeals then affirmed two cases where the district court concluded that anti-assignment language precluded assignment of post-loss auto-glass claims and reversed an order where the district court concluded that the assignment of a post-loss claim was not precluded by policy language.

Although the direct holding of *Star Windshield* does not support Plaintiffs' argument that they are entitled to direct payment by Defendants notwithstanding the relevant anti-assignment provisions, Plaintiffs rely on dicta to argue that liquidated damages may be assigned in this case notwithstanding the non-assignment clause. In particular, Plaintiffs point to the following language in *Star Windshield*:

> [W]e note at the outset that these cases do not involve liquidated sums that the respective insureds have merely directed their carriers to pay to third parties. Even under the language of these policies, such a directive to pay a fixed sum to another would be permissible.

744 N.W.2d at 240.

The Court concludes that the governing law does not support Plaintiffs' position. First, even if the Court were inclined to consider the dicta in *Star Windshield*, *Star Windshield* is distinguishable from the case at hand because *Star Windshield* is an auto-glass case that involves a regulatory scheme not applicable here. *See, e.g., Alpine Glass*, No 06-CV-1148, 2006 WL 3486996, at *12. Second, the claims in the Present Action are not liquidated and therefore the dicta, even if persuasive, is inapposite. Third, the Court discerns no legal authority that permits the Court to disregard the broad and unambiguous "rights and duties" language of the non-assignment clause in this case. Finally, the Court notes that the legal arguments raised by Plaintiffs in opposition to the current motion to dismiss could have been raised in the 2005 Allied Action.

For the above reasons, the Court concludes that Plaintiffs' claims continue to be precluded by collateral estoppel and *res judicata*. Because Plaintiffs' claims are barred, Plaintiffs' Complaint fails to state a claim upon which relief can be granted and is dismissed with prejudice.[5]

---

5   Plaintiffs also note that the Minnesota Supreme Court granted review of *Star Windshield* and thus request that the Court stay further proceedings pending the outcome of that review. The Court declines to do so. *Star Windshield* involves auto glass benefits, not medical coverage benefits, and therefore would not be directly controlling on this case.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 8, 2008                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          Judge of United States District Court